# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HAMBY, | CASE NO. 1:10-cv-00722-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES TILTON, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff William Hamby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Lancaster, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names James Tilton (secretary of CDCR), S. Hubbard (director of CDCR), Dwight Winslow (doctor), Scott Kernan (chief deputy secretary, PVSP), Robin Dezember (chief deputy secretary), Terry Hill (chief medical officer), James Yates (warden, PVSP), J. Walker ("Chief California Prison Health Care Services"), and A. Schwarzenegger (governor), and John Doe (chief medical officer, PVSP) as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint which cures the deficiencies identified in this order.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Background

Plaintiff contends Defendants violated his Eighth Amendment rights by housing Plaintiff at PVSP. Plaintiff alleges that PVSP suffers from an epidemic of "Coccidiordoycosis[1]." Plaintiff claims that he was immediately infected and nearly died. Plaintiff further claims that Defendants knew that sending "Chronic Care" inmates such as Plaintiff to PVSP "would be like giving him a death sentence yet they allowed him to be sent there." (Compl. 3, ECF No. 1.)

---

[1] Presumably, Plaintiff is referring to Coccidioidomycosis, colloquially known as valley fever.

## III. Discussion

### A. Eighth Amendment Claims

Plaintiff claims Defendants violated his Eighth Amendment rights. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff has failed to allege any facts that plausibly support the conclusion that Defendants acted with deliberate indifference. Plaintiff alleges that Defendants knew that sending Plaintiff to PVSP would be equivalent to a death sentence because of the risk of valley fever. However, Plaintiff has failed to allege any facts that plausibly support the conclusion that the high-ranking officials named as defendants were aware of a specific harm to Plaintiff. Without more specific factual allegations, it is simply implausible to infer that high-ranking officials (such as the governor, the secretary of CDCR, or the warden of the prison) were aware of specific details about Plaintiff's medical background, were aware that Plaintiff was housed at PVSP, and were aware that Plaintiff's medical background made his placement at PVSP improper. Plaintiff's complaint "has not 'nudged

[his] claims' . . . 'across the line from conceivable to plausible.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009) (citations omitted). "[T]he conclusory nature of [Plaintiff's] allegations . . . disentitles them to the presumption of truth." Id. at 1951.

Defendants are not liable unless they were aware of an excessive risk to Plaintiff's health. Plaintiff has failed to allege any facts that plausibly support the conclusion that Defendants were aware of an excessive risk to Plaintiff's health. Accordingly, Plaintiff fails to state any cognizable claims under Section 1983 for the violation of his Eighth Amendment rights.

### B. Fourteenth Amendment Claims

Plaintiff contends that his rights under the Due Process Clause and the Equal Protection Clause were also violated. Plaintiff's claims are more appropriately analyzed under the Eighth Amendment, rather than under a substantive due process theory. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." See Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). The Eighth Amendment provides the more explicit textual source of constitutional protection for Plaintiff's claims. Accordingly, the Court will only analyze Plaintiff's claims under Eighth Amendment standards.

Plaintiff fails to state any equal protection claims. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411

U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not allege that he was discriminated against. Plaintiff does not allege that he was a member of any identifiable class or that he was intentionally treated differently from others similarly situated. The Equal Protection Clause does not protect Plaintiff from the type of injuries alleged in his complaint. Plaintiff fails to state any equal protection claims.

**IV.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

5

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///
///
///

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 15, 2010                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE